272 F.2d 187
 UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,
v.
Mrs. Jewel Franklin ENGLISH, individually and as next friend for her minor children, Frank Hugh English and Brenda Lou English, Appellee.
 No. 17904.
 United States Court of Appeals Fifth Circuit.
 December 4, 1959.
 
 H. W. Fillmore, Wichita Falls, Tex., Bullington, Humphrey, Humphrey & Fillmore, Wichita Falls, Tex., for appellant.
 Kenneth C. Spell, Jr., Wichita Falls, Tex., Mock & Spell, Wichita Falls, Tex., for appellees.
 Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 When this case was here before, 5 Cir., 262 F.2d 142, 145, it was on appeal by the plaintiff from a verdict instructed for defendant. Deciding and declaring:
 
 
 2
 "If the deceased carried the shotgun simply for hunting, for his personal pleasure, we would agree with the District Judge that, under the Texas law generally and under the cases to which the District Judge referred, it could not be said that the injuries had to do with or originated in the work or business of the employer. We think, however, that there was substantial evidence from which the jury might have found that the deceased carried the shotgun for a purpose incident to his employment. The issue was for the jury, and the court erred in directing the verdict. The judgment is therefore reversed and the cause remanded."
 
 
 3
 we reversed the judgment and remanded the cause for a new trial.
 
 
 4
 This time the appeal is by the defendant from a judgment on a jury verdict for plaintiff on specifications of error that the district judge erred in failing to grant defendant's motion for instructed verdict.
 
 
 5
 Appellee, urging upon us that in law the evidence on this trial is not substantially different from what it was on the former trial, insists that the judgment must be affirmed with damages for delay under Rule 30 of this court, 28 U.S.C.A.
 
 
 6
 While we agree with plaintiff that the judgment must be affirmed, we think it clear that the case is not one for the application of our Rule 30. On the contrary, we think it quite plain that the appellant and his counsel sincerely feel and sincerely argue that an affirmance of the judgment would be a miscarriage of justice and that, as sincerely as any losing litigant has ever proclaimed it, appellant and its counsel are here under the banner, "fiat justitia ruat caelum".
 
 
 7
 The judgment is affirmed.